```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF GEORGIA
            ATLANTA DIVISION
```

FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta
JUL 2 2009
JAMES N. HATTEN, Clerk
By s/ Sewell
Deputy Clerk

| | | |
|---|---|---|
| SIDNEY CLAYTON-BEY, INMATE NO. 224797-AL-34B, Plaintiff, | : : : : | CIVIL RIGHT COMPLAINT 42 U.S.C. § 1983 |
| v. | : : | CIVIL ACTION NO. 1:09-CV-1693-TWT |
| DRAPER CORRECTIONAL FACILITY, Defendant. | : : : : | |

### ORDER AND OPINION

Plaintiff, currently confined at Draper Correctional Facility in Elmore, Alabama, has submitted a letter to this Court which the Clerk of the Court has construed as a 42 U.S.C. § 1983 civil rights action. In his letter, Plaintiff complains that officials at the correctional facility are using "mass punishment" in response to problems caused by "a few inmates." (Doc. 1). Plaintiff complains that this punishment has resulted in poor sanitary conditions at a time when Elmore County is experiencing "staff and other types of outbreaks." (Id.). Draper Correctional Facility is located in the United States District Court for the Middle District of Alabama, Northern Division.

According to 28 U.S.C. § 1391(b), a civil action should be brought in a "district where any defendant resides" or in a "district where a substantial part of the events or omissions giving rise to the claim occurred." Since the events giving rise to Plaintiff's letter occurred in the Middle District of

AO 72A (Rev.8/82)

Alabama and the correction center officials presumably reside in that district, venue lies in the Middle District of Alabama.

Title 28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." For the following reasons, this Court concludes that this action should not be transferred.

First, despite the Clerk of the Court listing the correctional facility as Defendant, Plaintiff did not name a defendant in his letter. Plaintiff also failed to request any specific relief. Accordingly, this Court finds that Plaintiff did not intend to file a civil rights action at this time. Therefore, the interest of justice will not be served by transferring this action to the Middle District of Alabama.

**IT IS ORDERED** that this civil rights action [Doc. 1] is **DISMISSED** for lack of venue. For the purpose of dismissal only, Plaintiff is **GRANTED** leave to file this action in forma pauperis.

**IT IS SO ORDERED**, this 2 day of July, 2009.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)